**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02671-CMA

In re:  CRAIG BEATY and SHANNON BEATY,

    Debtors,

JEFFREY HILL, Trustee,

    Plaintiff/Appellant

v.

CREEKSIDE SOUTHWEST, LLC, a Colorado limited liability company, and
FRANK NAVRATIL,

    Defendants/Appellees.

---

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES
INCURRED IN DEFENDING APPEAL**

---

This matter is before the Court on Defendant Frank Navratil's Motion for Award of Attorneys' Fees Incurred in Defending Appeal. (Doc. # 21.) For the following reasons, Defendant Navratil's Motion is granted.

**I. BACKGROUND**

This case first commenced on April 10, 2008 when the Trustee filed an adversary proceeding in the Bankruptcy Court. The Complaint asserted three claims against both Debtors, Defendant Navratil, and Defendant Creekside: (1) avoidance of a fraudulent conveyance pursuant to Colo. Rev. Stat. § 38-8-105; (2) turnover of Debtor Craig

Beaty's 1 % interest in Creekside or debt owed to him by Creekside pursuant to 11 U.S.C. § 542; and (3) damages for civil conspiracy to defraud creditors. The civil conspiracy claim was brought against both debtors and both Defendants. (Bankr. Ct. Doc. # 1 at ¶ 76.)[1] The two Defendants moved to dismiss the civil conspiracy claims on the ground they were time-barred. (Bankr. Ct. Doc. # 5.) Before the Bankruptcy Court ruled on the motion to dismiss, the Trustee filed a First Amended Complaint, again asserting a civil conspiracy claim against both Defendants, and dropping the claims against the two Debtors. (Bankr. Ct. Doc. # 10.) Although the Defendants had moved to dismiss the original complaint, the Bankruptcy Court granted Defendants' motion to dismiss as applied to the civil conspiracy claim in the First Amended Complaint. (Bankr. Ct. Doc. # 23.) Defendant Navratil then moved the Bankruptcy Court to dismiss him as a Defendant. (Bankr. Ct. Doc. # 25.) In response, the Trustee filed a Motion for Leave to File a Second Amended Complaint, which purported to "reformulate[] and refine[] the factual allegations set forth in the earlier Complaints" and reasserted the civil conspiracy claims by splitting in into two separate claims, "Conspiracy to Deny Turnover" and "Civil Conspiracy for Fraudulent Transfer." (Bankr. Ct. Doc. # 32 at ¶ 11.) Notably, these two claims were asserted only against Defendant Navratil. (Bankr. Ct. Doc. # 32-1, ¶¶ 80, 92.)

---

[1] "(Doc. # 1)" is an example of the convention used to identify the docket number assigned to a specific paper by the Court's Case Management and Electronic Case Filing ("CMECF") system. When the Court refers to papers that were filed in the underlying Adversary Proceeding before the Bankruptcy Court, *i.e.*, Case Number 08-1312, the Court will identify such papers with the convention "(Bankr. Ct. Doc. # X)".

On March 31, 2009, the Bankruptcy Court denied the Trustee's motion for leave to file the Second Amended Complaint as futile because the Bankruptcy Court found that the proposed amended complaint would remain subject to dismissal. (Bankr. Ct. Doc. # 35.) Additionally, the Bankruptcy Court dismissed, as time-barred, the two civil conspiracy claims brought against Defendant Navratil and dismissed Navratil from the action. The Trustee then appealed the Bankruptcy Court's Order. (Doc. # 10.) On September 30, 2010, this Court affirmed the Bankruptcy Court's dismissal of the Trustee's civil conspiracy claims. (Doc. # 17.)

## II. ANALYSIS

In the instant Motion, Defendant Navratil requests attorney fees in the amount of $2,635 for his successful defense of the Trustee's appeal. It is undisputed that Defendant Navratil is entitled to recover such reasonable attorney fees for his successful defense of the Bankruptcy Court's dismissal.[2] *State Farm Fire and Cas. Co. v. Weiss*, 194 P.3d 1063, 1069 (Colo. App. 2008) (parties who successful defend orders granting motions to dismiss are entitled to recover reasonable attorneys's fees incurred on appeal).

---

[2] Colorado statute provides that when a tort action "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Colo. Rev. Stat. § 13-17-201. The statute applies with equal force when, as in this case, a federal court dismisses a pendent state tort for failure to state a claim upon which relief may be granted. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000). Thus, the Bankruptcy Court also awarded Defendant Navratil $2,880.00 in attorney fees under § 13-17-201. (Bankr. Ct. Doc. # 107.)

The Trustee does not challenge the reasonableness of the hours expended or the hourly rate charged by Defendant Navratil's attorney, Mr. Paul M. Grant. However, the Trustee argues that Mr. Grant, who represented both Defendants, failed to allocate his hours between the two Defendants, and consequently, the request for attorney fees should be denied.[3] (Doc. # 24.) In response, Defendant Navratil asserts that the Trustee did not pursue an appeal of any claims he alleged against Defendant Creekside and thus there was no need to allocate attorneys' fees between the two Defendants. Although both Defendants were listed as Appellees in the caption, and the briefing referred to both Defendants jointly as Appellees, the Court agrees that only Mr. Navratil incurred attorney fees in defending this appeal and allocation was, therefore, unnecessary.

After the Bankruptcy Court granted Defendants' motion to dismiss with respect to the civil conspiracy claim in the First Amended Complaint, the Trustee sought to file a Second Amended Complaint. Although the Bankruptcy Court never accepted the filing of the Second Amended Complaint, it was the operative document the Bankruptcy Court analyzed in reaching its conclusions that were the subject of the appeal. (*See* Bankr. Ct. Doc. # 35 at 1) ("The Second Amended Complaint alleges the following facts, which the Court deems to be true for purposes of ruling on these two Motions."). As the civil conspiracy claims in Second Amended Complaint were brought only against

---

[3] It is undisputed that Defendant Creekside would not be eligible to recover attorney fees for a successful defense of the appeal.

Defendant Navratil, and those were the only claims that were appealed, Defendant Navratil was the only party actually defending the Bankruptcy Court's decision, despite the fact that neither party differentiated between the two Defendants.  The Court has reviewed the billing records of Mr. Grant (Doc. # 21-2) and finds that both the hours expended and the hourly rate charged were reasonable.

### III.  CONCLUSION

Accordingly, IT IS ORDERED THAT Defendant Navratil's Motion for Attorneys' Fees Incurred in Defending Appeal (Doc. # 21) is GRANTED.

IT IS FURTHER ORDERED that Defendant Navratil shall be awarded attorneys' fees in the amount of $2,635.00.

DATED:  August   02  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge